RB:MEC:mec
F.# 2010R03142
INF.PRIMEAU

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    -against-

MICHAEL PRIMEAU,

    Defendant.

- - - - - - - - - - - - - - - - - X

I N F O R M A T I O N

Cr. No. 11-379
(T. 18, U.S.C., §§ 982(a)(2)
1344, 2 and 3551 et seq.;
T. 21, U.S.C., § 853(p))

THE UNITED STATES ATTORNEY CHARGES:

INTRODUCTION

At all times relevant to this Information, unless otherwise indicated:

Lend America, Its Principals
And The Nature Of Its Business

1. Between 2003 and 2010, Ideal Mortgage Bankers, Ltd. d/b/a Lend America ("Lend America"), which was located at 520 Broadhollow Road, Melville, New York, was a mortgage lender that was licensed in 48 states to originate mortgages and to refinance first mortgages. In New York, Lend America was licensed by the New York State Banking Department ("N.Y. Banking") until February 2010 when N.Y. Banking revoked Lend America's license for violations of several regulations, including its failure to properly disburse loan funds at closings on New York properties. Lend America is currently in involuntary bankruptcy.

2

2. The defendant MICHAEL PRIMEAU was the President of Lend America.

The Warehouse Line Of Credit Agreement
Between Lend America and Gateway

3. "Warehouse lending" is a specialized type of lending that commercial banks and other financial institutions provide, for a fee, to entities involved in the mortgage banking business. Typically, under a warehouse lending agreement, a commercial bank ("warehouse lender") provides interim financing for mortgage loans by establishing a warehouse line of credit from which a mortgage bank can borrow in order to fund mortgages for borrowers from the mortgage bank. The warehouse lender retains a security interest in the mortgage loan as collateral for the obligation incurred by the mortgage bank until the mortgage loan is repaid.

4. Gateway Bank, F.S.B. ("Gateway"), which was located in San Francisco, California, was a federal savings bank, the deposits of which were insured by the Federal Deposit Insurance Corporation and which was a warehouse lender. In 2009, Gateway was the warehouse lender for thousands of mortgage loans in which Lend America borrowed from Gateway's warehouse line of credit both to fund original mortgage loans and to refinance first mortgages held by other financial institutions (the "Lend America refinanced mortgages"). The financial institutions whose mortgages Lend America refinanced included the following

financial institutions, the deposits of which were insured by the Federal Deposit Insurance Corporation: JP Morgan Chase Bank; Wells Fargo Bank; Bank of America; CitiMortgage, Inc., affiliated with Citi Group, Inc.; Sun Trust Mortgage, affiliated with Sun Trust Bank; HSBC Bank; Indy Mac Mortgage Services, affiliated with One West Bank, as well as numerous other financial institutions (the "First Mortgage Banks"). With respect to the Lend America refinanced mortgages, Lend America was required to pay off the first mortgage that each borrower had with the First Mortgage Banks using funds borrowed from Gateway's warehouse line of credit.

The Fraudulent Scheme

5. Between January 2009 and February 2010, officers at Lend America (the "Lend America officers"), misappropriated funds from Lend America's warehouse line of credit with Gateway. The Lend America officers directed that the first mortgages not be paid, as required, at the mortgage loan closings for the Lend America refinanced mortgages and, instead, used the funds to pay Lend America's operating expenses, including its payroll. The payoffs to the First Mortgage Banks were made days or weeks after the Lend America refinanced mortgages were closed and, in some instances, the payoffs were never made.

6. In order to conceal the fact that the first mortgages on the Lend America refinanced mortgages had not been paid, the defendant MICHAEL PRIMEAU, together with the Lend America officers and others, misled borrowers and First Mortgage Banks with misrepresentations about the first mortgages, including false statements that the payoffs had been made to the First Mortgage Banks.

7. The defendant MICHAEL PRIMEAU, together with the Lend America officers and others, concealed from Gateway, Lend America's borrowers and the First Mortgage Banks that, during the closings on Lend America's refinanced mortgages, funds borrowed from Gateway's warehouse line of credit had not been used to pay the first mortgages held by the First Mortgage Banks.

## BANK FRAUD

8. The allegations contained in paragraphs one through seven are repeated and incorporated as though fully set forth in this paragraph.

9. In or about and between January 2009 and February 2010, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant MICHAEL PRIMEAU, together with others, did knowingly and intentionally execute a scheme and artifice to defraud one or more financial institutions, to wit: Gateway and the First Mortgage Banks, and to obtain moneys, funds, credits, assets and other property owned

5

by and under the custody and control of said financial institutions by means of materially false and fraudulent pretenses, representations and promises, to wit: representing that Lend America had paid off the first mortgages on the Lend America refinanced mortgages, when, as the defendant well knew and believed, Lend America had not paid off the first mortgages held by the First Mortgage Banks.

(Title 18, United States Code, Sections 1344, 2 and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION

10. The allegations contained in paragraphs one through seven and nine are repeated and incorporated as though fully set forth in this paragraph.

11. The United States hereby gives notice to the defendant MICHAEL PRIMEAU charged in the Count set forth above that, upon his conviction of this offense, the government will seek forfeiture in accordance with Title 18, United States Code, Section 982(a)(2) and 21 U.S.C. § 853(p), of all property involved in such offense, and all property traceable to such property, including but not limited to, the following:

   a. all funds formerly within 401k account number 81101 with John Hancock, for account holder Michael Primeau, and subsequently transferred to an IRA account with JP Morgan Chase Bank; and

b. a sum of money as set forth in the entry of a forfeiture money judgment in an amount to be determined on or before sentencing.

12. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property that cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of such defendants up to the value of the forfeitable property described above.

(Title 18, United States Code, Section 982(a)(2); Title 21, United States Code, Section 853(p))

by: /s/ Loretta E. Lynch
LORETTA E. LYNCH
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

F. #2010R03142
FORM DBD-34
JUN. 85

No.   CR

# UNITED STATES   DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL *Division*

THE UNITED STATES OF AMERICA

vs.

MICHAEL PRIMEAU,

Defendant.

# INFORMATION

*A true bill.*

_____
                                                                    *Foreman*

*Filed in open court this* _____ *day,*

*of* _____ A.D. 19 _____

_____
                                                                    *Clerk*

*Bail, $* _____

*AUSA MARTIN COFFEY  (718) 254-6157*